[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought this action seeking a legal separation of their marriage, alimony and an equitable division of their marital assets, as well as counsel fees. The defendant has filed a cross complaint seeking a dissolution of the marriage, alimony, an equitably distribution of the marital assets, as well as counsel fees.
The parties were married in New Haven, Connecticut, on January 28, 1940.
The plaintiff has resided in the State of Connecticut for more than one year prior to the bringing of this complaint.
The court finds that there are no minor children issue of their marriage.
The court finds that the marriage has broken down irretrievably with no reasonably prospect of reconciliation and therefore issues a decree of dissolution.
This is a long term marriage with both parties being of an advanced age. While it is regrettable that their marriage has reached this point, It is obvious that the parties cannot agree on matters relating to their financial well being. This has brought about a deterioration in the marriage resulting in the irretrievable breakdown previously mentioned and, although the CT Page 1504 plaintiff is merely seeking a legal separation, the defendant has counterclaimed seeking a dissolution.
Both parties are residing at the same location. There is also a daughter and granddaughter residing there. The defendant has been assisting the granddaughter with her college expenses, including the purchase of a car for transportation. All of the daughter's expenses, rent, food, et cetera, are paid for by the defendant. In addition, he has sent a considerable amount of money to Greece to help his brother's family. In spite of his generosity toward other members of the family, he has failed in his duty to contribute toward the support of his spouse until forced to do so.
The parties jointly owned a diner in West Haven, Connecticut, where the plaintiff worked as a waitress while the defendant worked as the chef. Subsequently, the diner was leased and then sold with the parties taking back a mortgage. The plaintiff gave her interest therein to her son who had assisted her in the payment of her expenses until he was no longer able to do so.
The plaintiff's initial financial affidavit shows assets of $91,500.00, while the defendant's affidavit shows assets of approximately $196,000.00. Subsequently, plaintiff's assets have been diminished to $20,000.00. The reasons given for the reduction have been to pay necessary expenses. It should be noticed that she also purchased a new car at a cost of $17,000.00.
The defendant has failed to file any subsequent financial affidavit and has claimed he has no funds. However, subpoenas issued by plaintiff's counsel of two bank accounts, namely CenterBank account #018052431 and New Haven Savings Bank account #04079701, show deposits totaling $121,963.64. In addition, defendant's counsel is holding some $10,000.00 in escrow.
After considering all of the above, the court orders that the bank account #018052431 located at CenterBank is hereby declared to be the property of the plaintiff herein while the account located at New Haven Savings Bank #04079701 is to remain the property of the defendant.
Since both parties have a very limited income, the court finds this to be the most equitable solution to their difficulties and makes no award of alimony.
Defendant's counsel is holding in escrow subject to an order CT Page 1505 of the court the sum of $10,000.00 which he received from the defendant to be used in a futile effort to resolve this matter. Both counsel in their respective prayers for relief have requested that counsel fees be ordered paid from this fund. It is hereby ordered that each of them is to receive $4,000.00 from this account as counsel fees and the remaining $2,000.00 is to be turned over to the plaintiff.
The Court
Curran, J.